IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON A. WHITE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-1038-L-BK |
| | § | |
| GOLDEN CHICKEN, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On April 18, 2016, Plaintiff filed a *pro se* complaint alleging employment discrimination against Golden Chicken under Title VII, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA). Doc. 3 at 1-2. The complaint enclosed an October 26, 2015 *Dismissal and Notice of Rights* from the Equal Employment Opportunity Commission (EEOC), Doc. 3 at 4, which Plaintiff, in answer to the Court's questionnaire, admits receiving in October 2015. Doc. 8 at 3; Doc. 10 at 3.

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff fails to state a claim upon which relief can be granted.

"A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue-letter from the EEOC." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing 42 U.S.C. § 2000e–5(f)(1)). The same deadline applies to claims under the ADA and the ADEA. 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e–5); 29 U.S.C. § 626(e) (requiring a claimant to file a civil action no more than 90 days after receipt of statutory notice of right to sue). This "ninety-day limitation period is strictly construed" and is analogous to a statute of limitations. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *see Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1248 n. 1 and 1250 (5th Cir. 1985) ("the ninety-day requirement is akin to a statute of limitations."). Thus, any action that does not meet the requirement should be dismissed. *Taylor*, 296 F.3d at 379.

In this case, the EEOC sent a right-to-sue letter to Plaintiff on October 26, 2015, which, by her own admission, she received later that month. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (presuming EEOC right-to-sue letter is received within three days

of mailing). Doc. 3 at 4; Doc. 8 at 3. However, Plaintiff did not file the complaint with the Clerk of this Court until April 18, 2016 -- 175 days after the EEOC mailed her the right-to-sue letter, and clearly well beyond the 90-day deadline. Doc. 3 at 1.

Moreover, equitable tolling is not warranted in this case, as Plaintiff has not asserted a valid basis to support it. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (recognizing three potential bases for equitably tolling the 90-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights). Plaintiff maintains she "did [file an action] with the Menes Law Firm at One Empire Building, Suite 635, 1140 Empire Central Drive, Dallas, TX 75245." Doc. 8 at 3. However, providing the right-to sue letter to an attorney does suggest an inability on Plaintiff's part to timely file a complaint. *See Lee v. Columbia/HCA*, 611 Fed. App'x 810, 812 (5th Cir. 2015) (affirming the denial of equitable tolling where *pro se* litigant's failure to file within the 90-day period was the result of her failure to read the right-to-sue letter carefully before she gave it to her lawyer).

Accordingly, Plaintiff's complaint is time barred and should be dismissed with prejudice. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed").

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED June 15, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE